IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

    Plaintiff,                    No. 2:13-cv-0081 GEB AC P

  vs.

MATTHEW L. CATE, et al.,

    Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

Case 2:13-cv-00081-GEB-AC   Document 8   Filed 04/02/13   Page 2 of 5

>       detained in any facility, brought an action or appeal in a court of
>       the United States that was dismissed on the grounds that it is
>       frivolous, malicious, or fails to state a claim upon which relief may
>       be granted, unless the prisoner is under imminent danger of serious
>       physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which includes the following "three strikes" cases: (1) Stewart [Manago] v. Myers, No. 3:90-cv-20256-MHP (N.D. Cal.) (dismissed October 9, 1991 for failure to state a claim); (2) Manago v. Marshall, No. 3:94-cv-01528-MHP (N.D. Cal.) (dismissed March 25, 1998 for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and (3) Manago v.Gulare, No. 1:99-cv-05525-REC-SMS (E.D. Cal.) (dismissed by order filed on March 17, 2000, for failure to state a cognizable claim for relief). Each of these cases was dismissed well prior to the filing of the instant action on January 10, 2013.

        Also prior to the filing of this action, plaintiff was found to have been barred under § 1915(g) from proceeding in forma pauperis in Manago v. Gonzales, No. 1:11-cv-2003 AWI JLT (E.D. Cal.) (order denying leave to proceed in forma pauperis filed on March 12, 2012) and in Manago v. Cate, No. 12-cv-0966 GGH P (E.D. Cal.) (order denying in forma pauperis application filed on May 1, 2012). Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To meet the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

2

1   'imminent danger' exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d
2   307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999);
3   Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th
4   Cir.1998).

5         As plaintiff has done repeatedly and unsuccessfully in seeking to circumvent the
6   three-strikes bar in prior actions,[3] he attempts to implicate a plethora of prison officials for
7   actions dating back to 2003.  In sum, plaintiff alleges that he was sexually harassed by a female
8   correctional officer, Mary K. Brockett, in 2003 and 2004; that he reported her misconduct and
9   exposed the widespread sexual abuse of inmates by correctional and mental health staff; and has
10  experienced a continuing campaign of retaliation ever since.  He reports adverse transfers,
11  threats against his life, solicitation of murder by CDCR[4] officials, and assaults by other inmates
12  presumably acting at the behest of prison officials.  Plaintiff claims to have unspecified evidence
13  of corruption and criminal conspiracy among CDCR officials.

14        Plaintiff states he is currently proceeding against 17 defendants in Manago v.
15  Williams, No. 2:07-cv-2290 LKK KJN P on allegations related to the Brockett sexual abuse
16  case.  Plaintiff alleges that his life is presently in danger because defendant prison officials and
17  corrections department officials have shared confidential information about him with general
18  population inmates.  He alleges that three attempts have been made on his life.  He claims that
19  prison officials intend to wrongly validate him as a member of the BGF (Black Guerilla Family)
20  prison gang, when he is actually a Crip, in order to house him with BGF members and thereby
21  precipitate an institutional security crisis.[5]  Plaintiff also alleges that he is being denied

---

[3] See, e.g., Manago v. Cate, No. 2:11-cv-2891 AC P (E.D. Cal.) and Manago v. Cate, No. 2:12-cv-0966 GGH P (E.D. Cal. )

[4] California Department of Corrections and Rehabilitation.

[5] Plaintiff's allegations regarding improper gang validation appear to involve the same issues presented in Manago v. Gonzales, Case No. 1:11-cv-1269 SMS (E.D. Cal. 2011).

1 appropriate and needed mental health treatment and being given inappropriate psychiatric
2 medication; he implies that prison officials want to drive him to suicide.  Plaintiff acknowledges
3 an extensive history of violence and psychosis, including paranoid delusions, in prison.

4 　　　　　The court does not find that plaintiff's allegations satisfy the 'imminent danger'
5 exception under § 1915(g).  Plaintiff's failure to protect claims involve defendants' alleged
6 actions or inactions of almost a decade ago.   To the extent plaintiff alleges assaults and attacks
7 against him in 2009, he does not specify that these occurred where he was incarcerated at the
8 time of filing this complaint (and where he is presently incarcerated).  See  Andrews, 493 F.3d at
9 1053.   Plaintiff's claims regarding more recent changes to his medication regime also fail to
10 satisfy the imminent danger standard.  There is no basis for this court to conclude that
11 defendants' failure to provide plaintiff's preferred psychotropic medications, even if ongoing
12 (which is not clear from the complaint), poses an imminent danger of serious physical injury.
13  Plaintiff's repeated attempts to relitigate previously dismissed claims, and his re-presentation of
14 previously rejected grounds for an imminent danger finding under § 1915(g), undermine his
15 ability to proceed on any claim.

16 　　　　　The court finds that plaintiff has not made the requisite showing of "imminent
17 danger" to qualify for an exception to the "three strikes" bar under § 1915 (g).  Accordingly, the
18 undersigned will recommend that plaintiff be denied in forma pauperis status and be required to
19 pay the full filing fee in order to proceed with this action.

20 　　　　　Accordingly, IT IS RECOMMENDED that:

21 　　　　　1. Plaintiff's request to proceed in forma pauperis be denied; and

22 　　　　　2. Plaintiff be required to pay the filing fee of $350.00 in full within twenty-eight
23 days of the adoption of these findings and recommendations, should that occur, in order to
24 proceed in this action; and that

25 　　　　　3. Failure to pay the filing fee in full as directed result in dismissal of this action.

26 　　　　　These findings and recommendations are submitted to the United States District

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
2  one days after being served with these findings and recommendations, plaintiff may file written
3  objections with the court.  Such a document should be captioned "Objections to Magistrate
4  Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections
5  within the specified time may waive the right to appeal the District Courts order.  <u>Martinez v.</u>
6  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7  DATED: April 2, 2013.

                                               ALLISON CLAIRE
                                               UNITED STATES MAGISTRATE JUDGE

AC:009
mana0081.fr