UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| STEWART MANAGO, | No. 13-cv-0081 GEB AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| MATTHEW L. CATE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action, requesting leave to proceed in forma pauperis. By Order filed on May 1, 2013, plaintiff's request was denied and he was directed to pay the filing fee in full within twenty-eight days. ECF No. 10. Instead, plaintiff filed a motion for reconsideration. ECF No. 11.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the

1

decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Discussion

Plaintiff has been found in this action to have been barred by under 28 U.S.C. § 1915(g) from proceeding in this action in forma pauperis. In the findings and recommendations adopted by this court after considering plaintiff's objections, it was determined that plaintiff had been previously found to have been barred from proceeding in forma pauperis in a prior case. ECF No. 8. This court also determined that plaintiff had failed to meet the "under imminent danger of serious physical injury exception" of § 1915(g).

Plaintiff does not contend that he is not subject to the provisions of § 1915(g) but seeks again to avail himself of the exception under § 1915(g). ECF No. 11. However, plaintiff raises no grounds not previously considered in the court's prior ruling including his claims that he is in danger because (1) he was wrongly validated as a Black Guerilla Family gang member when he is actually a member of the Crips, and (2) he has been identified by corrections officials to other inmates as an informant. Contrary to plaintiff's characterization, his allegation that at some point corrections officials shared "confidential information" with an unnamed inmate who made a death threat against him does not constitute evidence "substantially different" from that which the

court has previously considered. Nor does plaintiff's reiterated claim that he is not being provided the psychotropic medications he believes are most appropriate provide a basis for reconsideration, despite plaintiff's histrionic but factually unsupported allegation that unnamed prison staff "want to drive plaintiff to suicide." Id. at 4. Plaintiff's claim also fails to present "new controlling authority" or to demonstrate how "the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. 653 F.2d at 392.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 11) of the Order (at ECF No. 10) is denied;

2. Plaintiff is granted one final opportunity, within fourteen days, to pay the filing fee in full; failure to do so will result in dismissal of this action.

Dated: December 2, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge