UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEWART MANAGO,<br><br>              Plaintiff,<br><br>       v.<br><br>MATTHEW L. CATE, et al.,<br><br>              Defendants. | No. 2:13-cv-0081 GEB AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action and requested leave to proceed in forma pauperis. The request was denied, after consideration of plaintiff's objections, because plaintiff was found to be barred from proceeding in forma pauperis by the "three strikes" provision of 28 U.S.C. § 1915(g). See ECF No. 10, (Order filed May 1, 2013, adopting the April 2, 2013 Findings and Recommendations (ECF No. 8)). Plaintiff was directed to pay the filing fee in full within twenty-eight days. ECF No. 10. Instead, plaintiff filed a motion for reconsideration. ECF No. 11. The motion was denied, and plaintiff was given an additional fourteen days to pay the filing fee in full in order to proceed. ECF No. 13. When plaintiff failed to pay the filing fee, the case was dismissed and judgment was entered on January 6, 2014. ECF Nos. 14, 15.

On January 24, 2014, plaintiff filed another motion for reconsideration which is now before the court. ECF No. 16. Plaintiff purports to bring the motion pursuant to Rule 60(a) of the

1

Federal Rules of Civil Procedure to correct the order of dismissal.  Rule 60(a) is addressed to "Corrections Based on Clerical Mistakes; Oversights and Omissions," which the court may make for a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. . . . [o]n motion or on its own, with or without notice."  However, plaintiff points to no error within the scope of Rule 60(a).  Rather, plaintiff continues to substantively challenge the court's ruling that he is not entitled to proceed in forma pauperis in this case under the "imminent danger" exception of § 1915(g).  Therefore, the court will construe plaintiff's motion as one brought pursuant to Rule 60(b).

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from judgment in limited circumstances "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).  Motions for relief from judgment are addressed to the sound discretion of the district court.  Allmerica Financial Life Insurance and Annunity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).  Reconsideration of a judgment under Rule 60 is appropriate only where there has been an intervening change of controlling law, new evidence has come to light, or where there is need to correct a clear error or to prevent manifest injustice.  United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). The party seeking relief must show more than disagreement with the judgment, and may not merely recapitulate the arguments previously presented to the court.  Id.

Here, plaintiff reprises arguments that have already been twice considered and rejected regarding application of the imminent danger exception of 28 U.S.C. § 1915(g).  ECF No. 16. To meet this exception to the three strikes bar, plaintiff must have alleged facts in the complaint that demonstrate he was under imminent danger of serious physical injury at the time the complaint was filed.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff's complaint alleged that numerous correctional officers retaliated against and failed to protect plaintiff beginning in 2003, after plaintiff reported criminal conduct by another correctional officer.[1]  The allegations implicating plaintiff's physical safety – including officer involvement in

---

[1] Plaintiff alleges that he was sexually victimized by former Correctional Officer Mary Brockett, (continued…)

2

death threats, solicitation of murder, and assaults by other inmates – involve events that pre-date the filing of the complaint by several years.  The allegations involving conduct that arguably can be inferred to have been ongoing at the time of filing involve law library access, mail, the handling of inmate appeals, and other matters unrelated to plaintiff's physical health and safety.  To the extent if any that the complaint alleged plaintiff had been threatened with harm at any time close to filing, such allegations are far too conclusory to demonstrate an actual and imminent danger.  For all these reasons, the complaint did not demonstrate that plaintiff was under imminent danger of serious physical injury at the time it was filed.  This court's previous ruling therefore was not clearly erroneous and does not work a manifest injustice.

        Plaintiff presents no new evidence or changed circumstances that would require a different result.  Plaintiff reiterates his claim that he was and is endangered because he has provided testimony in various investigations of criminal conspiracy among corrupt prison staff.  He alleges in the instant motion that an unnamed correctional officer has told gang members plaintiff is a government informant, which has led to death threats against him.  ECF No. 16 at 1-3.  Plaintiff represents that his life is currently in danger.  Id.  Because application of the imminent danger exception turns on the allegations of the complaint at the time it is filed, however, these additional allegation do not support reconsideration.

        Plaintiff has submitted several exhibits in an effort to provide support for his motion.  Some of these documents have been previously considered by this court.  See ECF No. 16 at 10-11, Declaration of Brian Hackett, CDC # K-23395, dated May 7, 2004[2]; see also, id. at 8-9, a copy of a partial rap sheet print-out for another inmate, dated as signed on March 24, 2004.[3]  Matters previously considered do not support relief under Rule 60(b).  Westlands Water Dist., 134 F.Supp.2d at 1131.

        Plaintiff also submits several documents that were not previously presented, but were

---

who was terminated as the result of his report.  Plaintiff is currently proceeding against Brockett and others in Manago v. Williams, No. 07-cv-2290 LKK KJN P.
[2] See, plaintiff's objections (to the April 2, 2013 Findings and Recommendations), filed on April 22, 2013, ECF No. 9 at 45-46.
[3] This identical document was included at ECF No. 9 at 39-40.

1  available to plaintiff at the time the complaint was filed.[4]  Reconsideration will not be granted on
2  the basis of evidence that could have been presented earlier in the litigation.  Marlyn
3  Nutraceuticals, Inc. . Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).
4  Accordingly, even if these documents were relevant to the imminent danger inquiry – which they
5  do not appear to be, as all involve matters that significantly pre-date the complaint – they would
6  not support Rule 60(b) relief.

7        Finally, plaintiff submits three documents that post-date the complaint.  A staff complaint
8  response dated June 5, 2013 addressed plaintiff's allegation that on April 7, 2013 a correctional
9  officer issued plaintiff's legal mail to another inmate "with the intention of endangering the
10  appellant's life." ECF No. 16 at 17.  This incident occurred after the complaint in this case had
11  been filed, and therefore is not relevant to the imminent danger inquiry.  See Andrews, 493 F.3d
12  at 1053.  The other two documents reflect plaintiff's ongoing attempts to communicate with
13  persons inside and outside CDCR regarding his "whistleblowing" and litigation activities.[5]  These
14  documents are equally irrelevant, however, as they do not address any imminent danger that
15  existed at the time the complaint was filed.

16        Plaintiff relies on Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989),
17  which held that an inmate labeled a "snitch" by prison officials for filing grievances may state a
18  claim under §1983.  This case does not represent "an intervening change in the controlling law"

---

[4] Plaintiff includes a third level appeal decision, dated October 12, 2004, denying his appeal for (former) C/O Brockett to be ordered to submit to a blood test for "sexual disease" because she had already been terminated. ECF No. 16 at 5.  There is a handwritten note which appears to have been faxed on February 13, 2004 from a "Natty Rue" asking plaintiff for a loan because he had been "scam[m]ed" in 2004 by "[t]hese Blacks out of L.A." ECF No. 16 at 6-7.  Plaintiff also submits his own declaration dated July 10, 2006, wherein he recounts his involvement in a "sting operation" which led to his having become a victim to the "unwanted sexual advances" of Brockett in December 2003 and January 2004. ECF No. 16 at 12-16.

[5] In a letter directed to "Staff" and dated March 27, 2013, plaintiff reports on Manago v.Williams, No. 2:07-cv-2290 LKK KJN P, discusses his many grievances and allegations of wrongdoing against prison officials, and warns of future litigation . ECF No. 16 at 20-23.  Plaintiff has also submitted a letter dated June 20, 2103 from California Assembly Member Holly J. Mitchell to CDCR Secretary Jeffrey Beard, which references correspondence from plaintiff and asks for investigation into his claims. ECF No. 16 at 19.

that might support relief under Rule 60(b).  See Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Moreover, the availability of a claim for "violation of [the] right to be protected from violence while in custody," Valandingham, 866 F.2d at 1138, is not relevant to the question whether plaintiff's complaint states facts that satisfy the "imminent danger" exception.

In sum, plaintiff has identified none of the "highly unusual circumstances" required for the court to re-open this case.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration, construed as a Rule 60(b) motion, ECF No. 16, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE